James S. Bell
California State Bar 252662
New York Registration Number 5280615
Texas State Bar 24049314
1009 Wilshire Blvd.
Santa Monica, CA 90405
Telephone: (214)-668-9000
Email: james@jamesbellpc.com

*Pro Hac Vice* Co-Counsel for Defendant Jonathan Spalletta

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JONATHAN SPALLETTA<br><br>Defendant. | Case No. 26-118-JSR<br><br>EMERGENCY MOTION TO WITHDRAW AS COUNSEL |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Movant, James S. Bell and James S. Bell, P.C. (hereinafter "Movant"), respectfully requests permission from this Honorable Court to withdraw as attorney of record in the above styled and numbered cause. In support of said Motion to Withdraw (sometimes referred to as the "Motion"), Movant would show unto this Honorable Court as follows:

Movant respectfully requests that this Honorable Court enter an order discharging Movant as one of the several attorneys of record for Defendant Jonathan Spalletta (sometimes hereinafter referred to as the "Defendant" or "Mr. Spalletta") and to further order that Movant has no future responsibilities or obligations to or on behalf of the Defendant in this case.

Movant appeared in the instant case *pro hac vice* as co-counsel for Mr. Spalletta last week with Shrey Sharma. If the Court requests to examine the undersigned and/or the Defendant and/or conduct a hearing, the undersigned respectfully requests the Court conduct such a hearing *in camera* and under seal to not prejudice Mr. Spalletta.

Further, the undersigned as spoken to Mr. Sharma (co-counsel) and he is unopposed to the withdrawal and the relief sought in this Motion. The undersigned as spoken to Mr. Spalletta on three (3) separate occasions today. Mr. Spalletta is unopposed to the withdrawal and unopposed to the relief sought in this Motion.

This Motion is based on good cause as defined in Rule 1.16 of the *New York Rules of Professional Conduct* which states, in pertinent part, as follows:

> (b) Except as stated in paragraph (d), a lawyer shall withdraw from the representation of a client when: (1) the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law; (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; (3) the lawyer is discharged; or (4) the lawyer knows or reasonably should know that the client is bringing the legal action, conducting the defense, or asserting a position in the matter, or is otherwise having steps taken, merely for the purpose of harassing or maliciously injuring any person.

Here, the Motion is based on good cause as defined in Rule 1.16 of the *New York Rules of Professional Conduct.* Further, the Rules also provide:

> (c) Except as stated in paragraph (d), a lawyer may withdraw from representing a client when: (1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (3) perpetrate a crime or fraud; the client has used the lawyer's services to perpetuate; (4) the client insists upon taking action with which the lawyer has a fundamental disagreement; (5) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees; (6) the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law; (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively; (8) the lawyer's inability to work with co-counsel indicates that the best interest of the client likely will be served by withdrawal; (9) the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively; (10) termination of the employment; the client knowingly and freely assents to termination; (11) withdrawal is permitted under Rule 1.13(c) or other law; (12) the lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal; or (13) the client insists that the lawyer pursue a course of conduct which is illegal or prohibited under these Rules.

(d) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a matter before that tribunal without its permission. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(e) Even when withdrawal is otherwise permitted or required, upon termination of representation, a lawyer shall take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client, including giving reasonable notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, promptly refunding any part of a fee paid in advance that has not been earned and complying with applicable laws and rules.

Movant's request for relief to withdraw is not sought to delay or to prejudice.

As stated earlier, the undersigned as spoken to Mr. Sharma and he is unopposed to the withdrawal and the relief sought in this Motion. Mr. Spalletta is unopposed to the withdrawal and unopposed to the relief sought in this Motion.

No prejudice will occur to the Defendant by virtue of the withdrawal. He has existing counsel who have been on the case for much longer than the undersigned. Accordingly, Movant respectfully requests this Honorable Court to enter an Order discharging Movant as attorney of record for Defendant Jonathan Spalletta and further order that Movant has no future responsibilities or obligations to or on behalf of Defendant Jonathan Spalletta.

Respectfully submitted,

JAMES S. BELL, PC

*/s/ James S. Bell*
James S. Bell
Attorney for Defendant Jonathan Spalletta

**SO ORDERED:**

U.S.D.J.
9-29-26