Ct. Ex. 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| -v- | : | 26-cr-118 (JSR) |
| JONATHAN SPALLETTA, | : | |
| Defendant. | : | |

THE COURT'S INSTRUCTIONS OF LAW TO THE JURY

<u>TABLE OF CONTENTS</u>

## I. GENERAL INSTRUCTIONS

1. Duty of the Court
2. Duty of the Jury
3. Duty of Impartiality
4. Burden of Proof
5. Reasonable Doubt
6. Direct and Circumstantial Evidence
7. Witness Credibility
8. Specialized Testimony
9. A Defendant's Right to Not Testify

## II. THE CHARGES

10. Summary of Charges
11. Count One: Computer Fraud and Abuse Act
12. Count Two: Money Laundering
13. Venue

## III. CONCLUDING INSTRUCTIONS

14. Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court
15. Verdict; Need for Unanimity; Duty to Consult

# I. GENERAL INSTRUCTIONS

## INSTRUCTION NO. 1

### Duty of the Court

We are now approaching the most important part of this case, your deliberations.

You have heard all the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. These are the final and binding instructions, which entirely replace the Preliminary Instruction I gave you earlier. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

INSTRUCTION NO. 2

Duty of The Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you at the start of your deliberations an index to all of the exhibits in evidence, plus a laptop and a thumb drive that will give you access to all these exhibits, except for a few physical exhibits (such as those seized when the defendant was arrested), which will remain in the courtroom unless you specifically ask to see them. As for testimony, if you need to review particular items of testimony, we can also arrange to provide them to you in transcript or read-back form.

Please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence. The evidence before you consists of two things: the testimony given by witnesses that was received in evidence and the exhibits that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer

that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

Furthermore, you should be careful not to speculate about matters not in evidence. For example, there is no legal requirement that the Government prove its case through a particular witness or by use of a particular law enforcement technique. Nor should you speculate about why one or another person whose name may have figured in the evidence is not part of this trial or what his or her situation may be. Your focus should be entirely on assessing the evidence that was presented here for your consideration.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that on occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

## INSTRUCTION NO. 3

### Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded any other party. By the same token, it is entitled to no less consideration. All parties, whether the Government or individuals, stand as equals at the bar of justice.

Please also be aware that the question of possible punishment is the province of the judge, not the jury, and it should therefore not enter into or influence your deliberations in any way. Your duty is to weigh the evidence and not be affected by extraneous considerations.

It must be clear to you that if you were to let bias, or prejudice, or fear, or sympathy, or any other irrelevant consideration interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

## INSTRUCTION NO. 4

### Presumption of Innocence and Burden of Proof

The defendant here, Jonathan Spalletta, is charged with two federal crimes about which I will instruct you shortly. Please bear in mind, however, that the charges, or "counts" as they are called, are not themselves evidence of anything.

The defendant has pleaded not guilty. To prevail against the defendant on a given charge, the Government must prove each essential element of that charge beyond a reasonable doubt. If the Government succeeds in meeting this burden, your verdict should be guilty on that charge; if it fails, your verdict must be not guilty on that charge. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, as to each charge, a defendant starts with a clean slate and is presumed innocent until such time, if ever, that you as a jury are satisfied that the Government has proved that he or she is guilty of that charge beyond a reasonable doubt.

INSTRUCTION NO. 5

Reasonable Doubt

To convict a defendant of a given charge, the Government is required to prove that charge beyond a reasonable doubt. So, the question then is: what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must therefore be proof of a convincing character that a reasonable person would not hesitate to rely on in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the Government prove guilt beyond all possible or imaginable doubt: Proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to a defendant's guilt with respect to a particular charge against him, you must find that defendant not guilty of that charge. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of a defendant's guilt with respect to a particular charge against him, you should not hesitate to find that defendant guilty of that charge.

## INSTRUCTION NO. 6

### Direct and Circumstantial Evidence

In deciding whether the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella, and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether it is raining. So you have no direct evidence of that fact. But on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

INSTRUCTION NO. 7

Witness Credibility

It must be clear to you by now that counsel for the Government and counsel for the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision to believe or to not believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may

cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

As to all witnesses, you should also consider whether a witness had an opportunity to observe the facts he or she testified about and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

INSTRUCTION NO. 8

Specialized Testimony

The law permits parties to offer opinion testimony from witnesses who were not involved in the underlying events of the case but who by education or experience have expertise in a specialized area of knowledge. In this case, Alex Pettyjohn and Amin Shams were offered as such witnesses by the Government. Specialized testimony is presented to you on the theory that someone who is learned in the field may be able to assist you in understanding specialized aspects of the evidence that are outside your everyday knowledge or experience.

However, your role in judging credibility and assessing weight applies just as much to specialized witnesses as to other witnesses. When you consider the specialized opinions that were received in evidence in this case, you may give them as much or as little weight as you think they deserve. If you find that the opinions of a specialized witness were not based on sufficient data, education, or experience, or if you should conclude that the trustworthiness or credibility of such a witness is questionable, or if the opinion of the witness is outweighed, in your judgment, by other evidence in the case, then you may, if you wish, disregard the opinions of that witness, either entirely or in part. On the other hand, if you find that a specialized witness is credible, and that the witness's opinions are based on sufficient data, education, and experience, and that the other evidence does not give you reason to doubt the witness's conclusions, you may, if you wish, rely on that witness's opinions and give them whatever weight you deem appropriate.

## INSTRUCTION NO. 9

### A Defendant's Right to Not Testify

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he or she is innocent.

Accordingly, you must not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it against the defendant in any way in your deliberations in the jury room.

## II. THE CHARGES

## INSTRUCTION NO. 10

### Summary of the Charges

With these preliminary instructions in mind, let us turn to the specific charges against the defendant, Jonathan Spalletta. There are two charges that you will be asked to decide.

These charges were originally set forth in what is called an Indictment, which is simply a charging instrument and is not itself evidence, so it will not be presented to you. For convenience, however, I will refer to each charge, or "count," by its number as it appears in the Indictment:

Count One alleges that Mr. Spalletta violated the Computer Fraud and Abuse Act.

Count Two alleges that Mr. Spalletta committed money laundering.

Before the defendant can be convicted of either of these charges, the Government must prove every essential element of that charge beyond a reasonable doubt. In your deliberations and in reaching your verdict, you must consider each count separately and determine whether the Government has carried its burden of proof with respect to each element of that particular charge.

INSTRUCTION NO. 11

Count One: Computer Fraud and Abuse Act

Let us now turn to Count One, which charges Mr. Spalletta with violating the Computer Fraud and Abuse Act.

Before a defendant can be convicted of violating the pertinent section of this Act, the Government must prove beyond a reasonable doubt each of the following four elements:

First: that the defendant knowingly caused the transmission of one or more codes or commands to a protected computer;

Second: that in so doing, the defendant intended to cause damage to the protected computer without authorization;

Third: that in so doing, the defendant did in fact cause damage to the protected computer without authorization; and

Fourth: that in so doing, the defendant caused loss to one or more persons of at least $5,000 in value.

I will now discuss each of these elements in turn.

With respect to the first element, the Government must prove that Mr. Spalletta knowingly caused the transmission of one or more codes or commands to a protected computer. To act "knowingly" means to act consciously and voluntarily, rather than by mistake or accident. A "protected computer" includes any computer system connected to the internet;

With respect to the second element, the Government must prove that Mr. Spalletta transmitted these codes or commands with the intent to cause damage to the Uranium Finance exchange without authorization. Here, that means that the Government must prove that Mr. Spalletta transmitted the codes or commands with the conscious objective of causing damage to the Uranium Finance exchange without authorization to do so. Under this statute, "damage" means any impairment to the integrity or availability of the computer system, and "without authorization" means that the defendant was not authorized by the Uranium Finance exchange to cause the damage that resulted from his conduct;

With respect to the third element, the Government must prove that Mr. Spalletta's activity did in fact cause damage to the Uranium Finance exchange without authorization; and

With respect to the fourth element, the Government must prove that the defendant's actions caused at least $5,000 in loss to any one or more persons during any one-year period.

One final point: the Government contends that the defendant's involvement in the events on or about April 8, 2021, involving the Uranium Finance exchange and his involvement in the events on or about April 28, 2021, involving the Uranium Finance exchange each satisfy all the required elements of Count One. However, in order to find the defendant guilty of Count One, you must be unanimous that at least one of these events satisfies all the required elements.

INSTRUCTION NO. 12

Count Two: Money Laundering

The second count charges Mr. Spalletta with money laundering. You only reach Count Two if you find the defendant guilty of Count One. In order to find a defendant guilty of money laundering, the Government must prove beyond a reasonable doubt the following four elements:

First, that the defendant conducted one or more financial transactions that in some way or degree affected interstate commerce;

Second, that the financial transaction so conducted involved the proceeds of specified unlawful activity, namely the proceeds of the computer fraud specified in Count One;

Third, that the defendant knew that the financial transactions involved the proceeds of his computer fraud; and

Fourth, that the defendant knew that one or more of the transactions was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of his computer fraud.

With respect to the first element, the Government must prove that Mr. Spalletta conducted a financial transaction. As it is used here, the term "conducted" includes initiating, concluding, or participating in initiating or concluding a transaction. The term "financial transaction" includes any transaction that involves the movement of funds by wire or other means and in any way or degree affects interstate commerce. The term "funds" includes any currency, money, or other medium of exchange such as cryptocurrency that can be used to pay for goods and services. "Interstate commerce" includes any transmission, transfer, or

transportation between persons, places, or entities located in one state and persons, places, or entities located in another state. This requirement is minimal: any involvement in interstate commerce at all will satisfy this requirement.

With respect to the second element, the Government must prove that the financial transactions involved the proceeds of specified unlawful activity -- here, the computer fraud and abuse alleged in Count One, about which I have instructed you already.

With respect to the third element, the Government must prove that the defendant knew that the financial transactions at issue involved the proceeds of his computer fraud.

With respect to the fourth element, the Government must prove that the defendant knew that the financial transactions here at issue were designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds.

## INSTRUCTION NO. 13

### Venue

One last requirement. Before Mr. Spalletta can be convicted of either count, the Government must also establish what is called "venue," that is, that some conduct relating to an essential element of that charge occurred in the Southern District of New York. As relevant here, the Southern District of New York is the judicial district that includes the Bronx, Manhattan, and Westchester, as well as several other counties not relevant to this case. Venue is proven if any conduct relating to any essential element of the count you are considering occurred in the Southern District of New York, regardless of whether it was the act of the defendant or anyone else.

Furthermore, on the issue of venue—and on this issue alone—the Government can satisfy its burden by a preponderance of the evidence, that is, by showing that it was more likely than not that any conduct relating to any essential element of the count you are considering occurred in the Southern District of New York.

## III. CONCLUDING INSTRUCTIONS

## INSTRUCTION NO. 14

### Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law and a verdict form on which to record your verdict. In addition, as previously described, we will provide you with access to the exhibits that were admitted into evidence. If you want any of the testimony provided, that can also be done, in either transcript or read-back form. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

## INSTRUCTION NO. 15

### Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form. As I have already explained, the Government, to prevail on a particular charge against the defendant, must prove each essential element of that charge beyond a reasonable doubt. If the Government carries this burden, you should find the defendant guilty of that charge. Otherwise, you must find the defendant not guilty of that charge.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case, and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, you should exchange views with your fellow jurors. That is the very purpose of jury deliberation — to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence. If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others', you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change an opinion that, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and must also be unanimous.

This completes my instructions of law.