Ct Ex 3

Outlook

**U.S. v. Spalletta (26-cr-118)** (JSR)

**From** Rakoff NYSD Chambers <RakoffNYSDChambers@nysd.uscourts.gov>

**Date** Mon 10/5/2026 6:14 PM

**To** Shrey Sharma <shrey@federal-lawyer.com>; Mead, Kevin (USANYS) <kevin.mead@usdoj.gov>; Kinder, William (USANYS) <william.kinder@usdoj.gov>; Werbelow, Shaun (USANYS) <shaun.werbelow@usdoj.gov>; Lynette Byrd <lsb@federal-lawyer.com>

Dear Counsel,

With respect to the testimony of the defense's proposed expert, Mr. Steven Baskerville, the Court has concluded that, because of his limited experience and because of the absence of certain Daubert factors, his testimony must be limited to explaining how the Uranium Finance exchange computer program worked during the relevant time period. While this may be cumulative, in part or in whole, to what has already been presented to the jury, the Court concludes that the jury would benefit from such testimony, since the operation of this exchange is not within the common experience of most jurors. Nevertheless, the testimony of Mr. Baskerville must be kept within these limits.

With respect to the wire fraud alternative theory of the money laundering count, the Court has concluded that, while this alternative is theoretically available to the Government on the facts of this case, any instruction to the jury on this alternative theory would of necessity be so complicated as to raise a significant risk of jury confusion. Accordingly, the Court will not instruct the jury on this alternative theory.

Both of the above rulings are final and not subject to further argument.

The Court looks forward to seeing you in Court at 9 am Tuesday morning to resolve the other matters that are still open.

On behalf of the Court,

**Rubin Danberg Biggs**
Law Clerk to the Hon. Jed S. Rakoff
United States District Court for the Southern District of New York
Chambers: (212) 805 0401