Ct Ex 4

Outlook

**Re: U.S. v. Spalletta (26-cr-118)** (JSR)

**From** Shrey Sharma <shrey@federal-lawyer.com>
**Date** Mon 10/5/2026 9:00 PM
**To** Rakoff NYSD Chambers <RakoffNYSDChambers@nysd.uscourts.gov>
**Cc** Mead, Kevin (USANYS) <Kevin.Mead@usdoj.gov>; Kinder, William (USANYS) <William.Kinder@usdoj.gov>; Werbelow, Shaun (USANYS) <Shaun.Werbelow@usdoj.gov>; Lynette Byrd <lsb@federal-lawyer.com>

**CAUTION - EXTERNAL:**

Good evening,

After extensive discussions, the defense will not be putting on a case. We will not be calling either Mr. Baskerville or Ms. Guthridge to testify. We respectfully believe the jurors do not need to appear tomorrow.

We apologize for the last minute decision.

Regards,

**Shrey Sharma**
Counsel
OBERHEIDEN, P.C.
(516) 851-7725
shrey@federal-lawyer.com

The information contained in this e-mail message, including any attachments, may constitute privileged and confidential information intended only for the use of the individual or entity named as addressee. The review, dissemination, distribution, or copying of this communication by or to anyone other than the intended addressee is strictly prohibited. If you have received this communication in error, please immediately notify the sender by reply e-mail and destroy all copies of the original message. Thank you for your cooperation.

On Mon, Oct 5, 2026 at 6:14 PM Rakoff NYSD Chambers <RakoffNYSDChambers@nysd.uscourts.gov> wrote:

> Dear Counsel,
>
> With respect to the testimony of the defense's proposed expert, Mr. Steven Baskerville, the Court has concluded that, because of his limited experience and because of the absence of certain Daubert factors, his testimony must be limited to explaining how the Uranium Finance exchange computer

program worked during the relevant time period. While this may be cumulative, in part or in whole, to what has already been presented to the jury, the Court concludes that the jury would benefit from such testimony, since the operation of this exchange is not within the common experience of most jurors. Nevertheless, the testimony of Mr. Baskerville must be kept within these limits.

With respect to the wire fraud alternative theory of the money laundering count, the Court has concluded that, while this alternative is theoretically available to the Government on the facts of this case, any instruction to the jury on this alternative theory would of necessity be so complicated as to raise a significant risk of jury confusion. Accordingly, the Court will not instruct the jury on this alternative theory.

Both of the above rulings are final and not subject to further argument.

The Court looks forward to seeing you in Court at 9 am Tuesday morning to resolve the other matters that are still open.

On behalf of the Court,

**Rubin Danberg Biggs**
Law Clerk to the Hon. Jed S. Rakoff
United States District Court for the Southern District of New York
Chambers: (212) 805 0401

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.